IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                                                    OPINION and ORDER

              Plaintiff,

                                                    17-cv-609-bbc

      v.

J. PERTTU, J. LABELLE, NURSE NIVAS,
NURSE LEMENS, B. HOMPE, CINDY O'DONNELL
and MANAGER LUTSEY,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Michael Scott is incarcerated at the Green Bay Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that he has received inadequate treatment for a skin rash. He has requested leave to proceed without prepayment of the filing fee, but as he acknowledges in his complaint, he has "struck out" under 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. Scott v. Aurora

1

Sinai, 09-C-745 (E.D. Wis. Sept. 23, 2009); Scott v. McCabe, 10-cv-138- bbc (W.D. Wis. Apr. 26, 2010); Scott v. Columbia Correctional Institution, 11-cv-384-bbc (W.D. Wis. July 7, 2011). Consequently, plaintiff may not proceed with this action without prepaying the fees unless he shows that he is in imminent danger of serious physical injury. After reviewing plaintiff's complaint, I conclude that he may not proceed at this time because his complaint does not allege that he is in imminent danger. In fact, his complaint is too vague to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Therefore, I am dismissing his complaint and giving him an opportunity to file an amended complaint that explains his claims more clearly.

OPINION

Plaintiff acknowledges in his complaint that he must plead facts supporting a finding of imminent danger of serious physical injury. Nonetheless, he has failed to do so. Plaintiff alleges in his complaint that he has a skin rash that itches, stings, burns and peels. However, he does not allege that he has been denied treatment for his rash, but rather that there was a delay in processing his prescription for ointment. He also alleges that he is not permitted to keep the ointment in his cell, so he has to wait for the ointment to be delivered to his cell twice a day. Finally, he alleges that he requested that pictures be taken of his rash, but health services staff refused to take pictures.

These allegations do not suggest that plaintiff is in imminent danger of serious physical injury sufficient to invoke the exception provided in § 1915(g). Plaintiff admits he

has been provided some treatment for his rash and has not suggested that his rash presents a "genuine emergency" or a "real and proximate" threat of serious harm. Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In fact, plaintiff's primary complaint seems to be that prison staff refused to take pictures of his rash. In his request for relief, plaintiff asks that the court order DOC to take such pictures. However, staff members' failure to take pictures does not present a risk of imminent danger.

Because plaintiff has not met the imminent danger standard, at this stage I normally would instruct plaintiff to submit the $400 filing fee so his complaint could be screened under § 1915A. However, because plaintiff's allegations are so confusing and vague, I would dismiss his complaint immediately under Federal Rule of Civil Procedure 8 even if he submitted the $400 filing fee.

Under Rule 8, plaintiff is required to provide fair notice of his claims to each defendant and set out claims that are plausible on their face. Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2012); Bausch v. Stryker Corp., 630 F.3d 546, 559 (7th Cir. 2010). Here, plaintiff's allegations are too confusing and vague to provide fair notice of his claims against each defendant. Although he says there was a delay in processing his prescription apparently caused by defendant Nivas, he provides no details about the delay, how Nivas caused it, how the delay affected him or why he believes the delay violated his rights. Likewise, he does not explain specifically what action each individual defendant took that resulted in a violation of his constitutional rights.

Rather than give plaintiff the opportunity to pay the full filing fee, then, I will give

3

him an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

(1) What is the nature of plaintiff's skin condition?

(2) What treatment has he received for his skin condition, who provided it and when?

(3) Why does he believe defendants violated his rights with respect to treatment of his skin condition?

(4) What did each individual defendant do that makes him or her liable for failing to treat plaintiff's skin condition?

(5) Why does plaintiff believe he is in imminent danger of serious physical injury?

(6) How does he think the court can help him?

Plaintiff should take care to identify the specific actions taken by each individual defendant that he believes violated his rights. He should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

If plaintiff submits an amended complaint by the deadline set forth below, I will review it. If he does not submit an amended complaint or show good cause why he is unable to do so, I will dismiss the case because plaintiff has failed to state a claim upon which relief

may be granted.

ORDER

IT IS ORDERED that plaintiff Michael Scott is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), and his complaint is DISMISSED under Fed. R. Civ. P. 8. Plaintiff may have until October 6, 2017, to file an amended complaint that complies with Fed. R. Civ. P. 8 as explained above.

Entered this 18th day of September, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge