IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                Plaintiff,

    v.

J. PERTTU, J. LABELLE, NURSE NIVAS,
NURSE LEMENS, B. HOMPE, CINDY O'DONNELL
and MANAGER LUTSEY,

                Defendants.

ORDER

17-cv-609-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 18, 2017, I dismissed pro se plaintiff Michael Scott's complaint because it was too vague to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Dkt. #7. Additionally, I noted that because plaintiff has "struck out" under 28 U.S.C. § 1915(g), he could not proceed without prepayment of the filing fee because his allegations did not suggest that he was in imminent danger. I gave plaintiff until October 6, 2017 to file an amended complaint that complies with Rule 8.

Plaintiff's deadline has passed, and his only response is a letter to the court stating that he wants the court to appoint counsel to represent him and that he does not want his case to be tried by a magistrate judge. Dkt. #8. Plaintiff's case has not been assigned to a magistrate judge. With respect to his request for counsel, it is too early to evaluate whether this is one of the few cases in which the court finds it appropriate to recruit counsel for a pro se litigant. At this stage, plaintiff has not yet paid the filing fee and has not been permitted to proceed past the § 1915A screening stage. Thus, I cannot evaluate whether the complexity of plaintiff's claims will exceed his ability to litigate them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007).

1

Additionally, this court does not consider a request for counsel unless the litigant has made reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To satisfy this requirement, plaintiff must submit rejection letters from at least three lawyers who declined to represent him in this case. If he contacted three lawyers but did not receive any rejection letters, he may submit a declaration or affidavit identifying the lawyers he asked, the date he made his requests and the way in which each lawyer responded. Until plaintiff clarifies his claims, pays his filing fee and shows that he has made reasonable efforts to find counsel on his own, I will not consider further requests for counsel.

I will give plaintiff one additional week to file an amended complaint that complies with Rule 8 as set forth in the September 18, 2017 order. If he does not file an amended complaint by that time, this case will be closed.

ORDER

IT IS ORDERED that plaintiff Michael Scott's motion for assistance in recruiting counsel, dkt. #8, is DENIED. Plaintiff may have until October 20, 2017, to file an amended complaint that complies with Fed. R. Civ. P. 8.

Entered this 12th day of October, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge